IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| LAURIE BAATZ,<br><br>    Plaintiff,<br><br>v.<br><br>MOHAWK ESV, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 4:20-CV-260-MHC-WEJ |

### ORDER

This action comes before this Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Walter E. Johnson [Doc. 104] recommending that Defendant Mohawk ESV, Inc.("Mohawk")'s Motion for Summary Judgment [Doc. 72] be granted and that Plaintiff Laurie Baatz ("Baatz")'s Motion for Summary Judgment [Doc. 90] be denied. The Order for Service of the R&R [Doc. 105] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that order. After receiving an extension of time to do so [Doc. 107], Baatz filed her objections to the R&R ("Pl.'s Objs.") [Doc. 106-3], to which Mohawk filed a response [Doc. 108].

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Baatz asserts that she was employed as a Regional Vice President for Healthcare and Senior Living by Mohawk, a residential and commercial flooring manufacturer, in December 2017. Am. Compl. [Doc. 22] ¶¶ 3, 11. Baatz claims that Jeffrey Weaver ("Weaver"), a Senior Vice President and Baatz's manager, subjected her to gender discrimination and a hostile work environment and, on September 27, 2019, placed her on a Performance Improvement Plan ("PIP") for discriminatory reasons. Id. ¶¶ 4, 15-21, 26. Baatz alleges that she was terminated by Mohawk on September 17, 2020, due to a purported reduction-in-force ("RIF"), while Mohawk retained a male employee and assigned him the bulk of Baatz's territory. Id. ¶ 37.

The remaining claims in Baatz's Amended Complaint[1] allege that Mohawk engaged in gender-based discrimination and harassment in violation of Title VII of

---

[1] The Court previously adopted the April 22, 2021, Non-Final Report and Recommendation of Judge Johnson and dismissed with prejudice Baatz's state law tort claims in Counts Two and Three of the Amended Complaint as well as all claims against Weaver. May 7, 2021, Order [Doc. 46].

2

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. (Count One), and retaliation in violation of Title VII (Count Four).[2]

Mohawk filed its Motion for Summary Judgment on June 29, 2022, and Baatz filed her Motion for Summary Judgment on June 30, 2022. In his R&R issued on November 2, 2022, after ruling on a number of evidentiary issues, Judge Johnson found that Baatz cannot establish a prima facie case of gender discrimination under Count One because, except for her termination, none of the other actions taken by Mohawk (negative performance evaluations, PIPs, and increased oversight) constituted adverse employment actions nor could Baatz identify a similarly situated male employee who was given preferential treatment. R&R at 34-40. Furthermore, Judge Johnson found that, with respect to Baatz's discharge as part of a RIF, no reasonable factfinder could conclude that Mohawk intended to discriminate in making the decision to discharge her. Id. at 40-42. Even though Baatz failed to establish a prima facie case of discrimination with regard to her termination, Judge Johnson also found that Mohawk articulated a legitimate, non-discriminatory reason for his termination (namely, Baatz's poor performance and business shrinkage caused by the COVID-19 pandemic), and

---

[2] As pointed out by the Magistrate Judge, although Count Four of the Amended Complaint cites to "Title VI," this is an obvious typographical error.

Baatz failed to proffer any evidence that would show that Mohawk's reason was pretextual. Id. at 42-44. Finally, Judge Johnson found that the more than six-month delay between Baatz's last protected act and her termination negated any causal connection between her complaints and Mohawk's decision to include her in its RIF, thereby defeating her retaliation claim under Count Four. Id. at 44-48.

## II. LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Further, "the district court has broad discretion in reviewing a

magistrate judge's report and recommendation"—it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

### III. BAATZ'S OBJECTIONS

#### A. Alleged Additional Facts as to Which A Genuine Issue Remains to be Tried

Prior to stating her objections to the R&R, Baatz provides a section entitled "Statement of Additional Facts as to Which a Genuine Issue Remains to be Tried." Pl.'s Objs. at 1-3. This is a belated effort by Baatz to cure her failure to comply with Local Rule 56.1 upon the filing of her response to Mohawk's Motion for Summary Judgment in July-August 2022 [Docs. 97-99]. Local Rule 56.1(B)(2)(b) provides that a response to a summary judgment motion shall include, in addition to a response to the movant's statement of undisputed facts, "[a] statement of additional facts which the respondent contends are material and present a genuine issue for trial" and any such statement "must meet the requirements set out in LR

5

56.1(B)(1)," namely, a citation to evidence proving any such fact. LR 56.1(B)(2)(B), NDGa. As acknowledged by Judge Johnson, Baatz failed to file a separate statement of undisputed material facts as required by LR 56.1(B)(1).[3] R&R at 5. Baatz's failure to comply with this rule when filing her response to Mohawk's summary judgment motion cannot be overcome by the filing of a statement of additional material facts as a part of objections to an R&R some four months later. Nevertheless, Judge Johnson treated Baatz's motions to strike several of Mohawk's statements of fact as objections thereto and decided not to consider those alleged facts. Id. at 3-4; see also id. at 6 n.4 ("[P]laintiff benefits from the Court's consideration of her objections" to Mohawk's statement of material facts).

Nevertheless, this Court has reviewed Baatz's purported additional facts and finds that they either (1) are undisputed with respect to an actual "fact," (2) constitute legal conclusions, or (3) not material so as to call into question any of Judge Johnson's factual findings. And, in any event, nothing in this section

---

[3] Aside from the specification of this requirement in the Local Rules, Judge Johnson issued an order concerning the requirements for summary judgment motions and responses well in advance of the deadline for filing such motions and responses. Mar. 9, 2020, Order [Doc. 32].

6

specifically identifies a finding made by Judge Johnson which is objected to by Baatz. See Schultz, 565 F.3d at 1361.

**B.  The Magistrate Judge Did Not Err by Deciding Issues of Motive.**

Baatz contends that Judge Johnson improperly decided an issue of motive with respect to the failure of Mohawk to employ a person recommended by Baatz. Pl.'s Objs. at 12-13. As part of Judge Johnson's factual recitation, he indicated that the undisputed evidence showed that when Baatz recommended candidates to fill open account executive positions for the combined Columbus territory, Weaver approved Baatz's request to hire Ryan Hill (whose offer was withdrawn because of the results of a background check) but did not approve the hiring of Nicole Miller ("Miller") due to her lack of qualifications and interview response. R&R at 16-17. This was based upon Mohawk's statement of fact based upon Weaver's deposition testimony, to which Baatz's objection thereto was overruled as argumentative. Defendant's Statement of Undisputed Material Facts ("Def's SUMF") [Doc. 72-2] ¶ 41; Pl.'s Resp. to Def.'s SUMF [Doc. 99] ¶ 41; R&R at 17 n.23. Judge Johnson did not decide an issue of motive, and Baatz's speculation that Miller was qualified is insufficient to result in the rejection of the fact supported by testimony in the record. In addition, even if Mohawk improperly rejected hiring Miller because of a

misperception of her qualifications, that would not constitute an adverse employment action with respect to Baatz.

### C. The Magistrate Judge Did Not Err by Deciding an Issue of Credibility.

Baatz objects to several factual determinations made by Judge Johnson which she contends are matters that should be left to the trier of fact. Pl.'s Objs. at 5-7. In responding to many of Mohawk's Statements of Undisputed Material Facts by asserting similar objections without supportive citations to the record in violation of the Local Rules, Baatz's objections to Judge Johnson's factual findings are not supported by evidence in the record. Baatz continues to misunderstand Local Rule 56.1(B)(2), which states that the Court will deem each of the movant's proposed facts contained in the statement of undisputed facts as admitted unless the respondent "directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number)," "states a valid objection," or points out that the movant's cited reference does not support the purported fact. Examples of Baatz's flawed objections include the following:

- In response to Mohawk's statement of fact that Baatz's team experienced a high degree of turnover, with several positions remaining unfilled for extended periods, Def.'s SUMF ¶ 35,

    Judge Johnson sustained Baatz's objection as to a position in the Pittsburgh territory remaining open for eighteen months, but "disregard[ed] plaintiff's additional statements because they included argumentative objections[.]" R&R at 15 n.17. Contrary to Baatz's contention that there is "no evidence in the record" to support the fact that there Baatz's team experienced turnover in the Detroit territory, Baatz herself testified about it "tak[ing] us quite some time to find a candidate" for the Detroit territory. Dep. of Laurie Baatz (Feb. 21, 2022) [Doc. 73] at 138.

- Baatz complains that there was no evidence that Weaver advised other male employees not to "get emotional" when confronting other regional vice presidents about overlapping territory issues. However, Weaver testified he made those remarks to Baatz as well as to other male employees in similar situations. Dep. of Jeffrey Weaver (Mar. 28, 2022) [Doc. 78] at 229-230. Baatz's objection to this evidence as "self-serving" without any refutation with other record citations was overruled by Judge Johnson. R&R at 13 n.13 (citing Def.'s SUMF ¶ 33).

9

- Baatz objects to Judge Johnson's finding that Michael Gallman ("Gallman"), president of Mohawk's commercial division, decided to terminate Baatz "based on independent review of her sales performance." R&R at 26-27. This was supported by paragraph 6 of Gallman's Declaration [Doc. 72-3], which was not refuted by Baatz with specific citations to evidence.

**D.     The Magistrate Judge Applied the Proper Standard of Review.**

Baatz alleges that the Magistrate Judge somehow resolved inferences against her as the non-movant. Pl.'s Objs. at 7-9. Judge Johnson correctly stated the standard of review on a summary judgment motion, including that, "where genuine issues of material fact exist," the Court must resolve all ambiguities and inferences in favor of the non-moving party. R&R at 29 (citations omitted). None of the references contained in Baatz's objections support her argument that Judge Johnson resolved any inference against her. Once again, Baatz seems to miscomprehend that she cannot avoid the application of Mohawk's proposed undisputed facts which she has not properly contested in accordance with the Local Rules of this Court. In each example offered by Baatz, Judge Johnson cited a specific reference to Mohawk's statement of material facts, sustained where

appropriate Baatz's supportable objections thereto, and overruled objections which were not supported by record citations or constituted legal conclusion.

### E. Baatz's Objection to Language Used by the Magistrate Judge When Referencing Baatz's Testimony is Frivolous.

Baatz complains that Judge Johnson used terms such as "according to plaintiff" and "Ms. Baatz believed" when referencing her deposition testimony, which she asserts favored Weaver's testimony over hers because such terms were not used for Weaver. Pl.'s Objs. at 9-11. As a matter of fact, Judge Johnson used the same verbiage when relating Weaver's deposition testimony. See R&R at 10 (stating that "Weaver felt," and "Weaver believed"); 17 (stating that Weaver "felt"); 21 (stating twice that "[a]ccording to Mr. Weaver"). Judge Johnson was in fact consistent in using similar language to describe the deposition testimony of both Baatz and Weaver, and this Court finds Baatz's objection as to this point to be frivolous.

### F. The Magistrate Judge Did Not Fail to Consider Material Evidence.

Baatz asserts that Judge Johnson failed to reference key evidence that showed Weaver was biased against her and other women. PL.'s Objs. at 11-13. The detailed discussion of this evidence in the R&R belies Baatz's position. Judge Johnson considered Baatz's sales performance relative to Joe Martere

11

("Martere")'s sales performance as well as Baatz's arguments with respect to Martere (R&R at 10-11, 14-22). As stated by Judge Johnson, "the undisputed evidence shows that Mr. Martere and Ms. Baatz were not similarly situated." Id. at 37-39.

In addition, it was not error for Judge Johnson to fail to mention other women complaining about Weaver's behavior as it is not relevant to Baatz's claim that she was discriminated through her termination in a RIF, the effect of which was also to terminate Weaver. See R&R at 42. Finally, there was no need for the Magistrate Judge to detail every assertion made by Baatz in her brief with respect to her arguments supporting her retaliation claim when "no reasonable jury could find that Ms. Baatz's list of slights and performance evaluations/PIPs without serious consequences would dissuade a reasonable employee from challenging gender discrimination," not to mention the failure of Baatz to establish a causal link between her complaints and the decision to include her in the RIF. Id. at 46-47.

### G.    None of the Cases Cited by Baatz Support a Rejection of the R&R.

Baatz cites a number of cases in conjunction with her argument that the Magistrate Judge made improper credibility determinations because he cited, in part, to testimony of Mohawk's witnesses whose testimony Baatz contends was

12

self-serving. Pl.'s Objs. at 13-21. Under Baatz's view of summary judgment motions filed by a defendant in any Title VII case, the Court should not credit any testimony presented by the defendant because it is self-serving, leaving a jury to determine legal issues notwithstanding the plaintiff's failure to present competent evidence to show there is a genuine issue for trial. On the other hand, according to Baatz, once she says there was discrimination, then the case should go to the jury if there was circumstantial evidence relating to non-material issues. That is not the standard of review on summary judgment.

Summary judgment is authorized when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The movant carries the burden of showing that there is no genuine issue as to any material fact by showing the court that there is "an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In making its determination, the court must view the evidence and all factual inferences in the light most favorable to the nonmoving party.

However, once the moving party has adequately supported its motion, the nonmoving party must come forward with specific facts that demonstrate the

existence of a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party is required "to go beyond the pleadings" and to present competent evidence designating "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. Generally, "[t]he mere existence of a scintilla of evidence" supporting the nonmoving party's case is insufficient to defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Disputed facts that do not resolve or affect the outcome of a suit will not properly preclude the entry of summary judgment. Id. at 248.

If a fact is found to be material, the court must also consider the genuineness of the alleged factual dispute. Id. An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." Id. at 250. Moreover, for factual issues to be genuine, they must have a real basis in the record. Matsushita, 475 U.S. at 587. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " Id. at 587 (quoting First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968)).

In this case, Baatz has presented evidence and arguments relating to performance evaluations, PIPs, oversight of work performance, account assignments, turnover, and hiring delays, none of which substantially changed the terms or conditions of her employment so as to constitute an adverse employment action. Moreover, the undisputed evidence shows that Baatz and Martere were not similarly situated nor was Mertere treated more favorably. Therefore, since there was no credible evidence presented of an intent to discriminate against Baatz by reason of gender bias, Baatz cannot establish a prima facie case of gender discrimination. Moreover, the undisputed evidence shows that Mohawk included Baatz in the 75 employees subject to the reduction-in-force because of her sales performance and not due to gender bias. And, even assuming that Baatz could have established a prima facie case, Mohawk articulated a legitimate, nondiscriminatory reason for her termination which Baatz was unable to show was pretextual.

## IV. CONCLUSION

The Court has reviewed the portions of the R&R that Baatz did not object to for plain error and finds none. Additionally, after a consideration of Baatz's objections and a de novo review of the record, it is hereby **ORDERED** that Baatz's objections [Doc. 106-3] are **OVERRULED**.

Accordingly, the Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 104] as the opinion and order of the Court. It is hereby **ORDERED** that Defendant's Motion for Summary Judgment [Doc. 72] is **GRANTED** as to Plaintiff's remaining claims in Counts One and Four of the Amended Complaint and that Plaintiff's Motion for Summary Judgment [Doc. 90] is **DENIED**. Counts One and Four of the Amended Complaint [Doc. 22] are **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 29th day of December, 2022.

_____
MARK H. COHEN
United States District Judge